**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4496**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMOIA OMAR DAVIS, a/k/a Moe,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:06-cr-00363-RJC-2)

---

Submitted:  December 20, 2017                                    Decided:  January 11, 2018

---

Before MOTZ, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demoia Omar Davis appeals the district court's judgment revoking his supervised release and sentencing him to 11 months' imprisonment followed by 2 years' supervised release. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Sentencing Guidelines' Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *See* 18 U.S.C. § 3583(e) (2012); *Thompson*, 595 F.3d at 546-47. A "court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, [but] it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted).

Davis claims that his sentence is procedurally unreasonable because the district court failed to adequately explain the reasons for imposing the revocation sentence. Having reviewed the record, we conclude that the district court's explanation, although brief, was sufficient.

2

Accordingly, we reject Davis' challenge to the procedural reasonableness of his revocation sentence and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*